IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL LEGAL AND POLICY CENTER, PETER T. FLAHERTY, and JAMES R. TOVAR;<br><br>Plaintiffs,<br><br>vs.<br><br>BERKSHIRE HATHAWAY INC., and WARREN BUFFETT,<br><br>Defendants. | 8:24CV162<br><br>ORDER |

This case is before the Court on Plaintiff's motion for leave to file an amended complaint. Filing No. 53. Plaintiffs seek leave to file an amended complaint to name the previously unidentified John Doe Defendants. For the reasons below, the motion will be granted.

Plaintiffs filed a Complaint against Defendants Berkshire Hathaway Inc. ("Berkshire"), Warren Buffett, John Doe 1 and John Doe 2 on May 3, 2024. Filing No. 1. In total, Plaintiffs alleged nine counts against the Defendants. Filing 1. Defendants Berkshire and Buffett filed motions to dismiss in June 2024. Filing No. 20. The Court granted the motions on October 29, 2024, dismissing all claims against Berkshire and Buffett. Filing No. 36. At that time, the Court gave Plaintiff 7 days to serve John Does 1 and 2 (the "Doe Defendants"). Filing No. 36.

1

Plaintiffs sought an extension of time to serve the Doe Defendants. Filing No. 37. For good cause shown, the Court granted the motion and ordered Plaintiffs to perfect service on or before November 27, 2024. Filing No. 38. Thereafter, Plaintiffs filed an amended complaint naming the Doe Defendants and requesting summons for the same. Filing Nos. 39, 40, and 41. The amended complaint was stricken by the Court for being filed without leave. Filing No. 44. Prior to the order striking the amended complaint, Plaintiffs sough an extension of time to serve the newly named defendants. Filing No. 43. The Court denied Plaintiffs' motion as moot because, after the amended complaint was stricken, the defendants named in Plaintiffs' motion were not named in the operative complaint.

Defendants then attempted to appeal the October 29, 2024 Order dismissing Berkshire and Buffett. Filing No. 46. That appeal was dismissed for lack of jurisdiction. Filing No. 50. After the undersigned magistrate judge issued an Order to Show Cause for want of prosecution, Plaintiff filed the present motion for leave to file an amended complaint. Filing No. 53. As demonstrated in the proposed amended complaint attached to its motion, Plaintiffs' amended complaint is identical to the original complaint but names the Doe Defendants as Dan Clark and Chris Thompson. Filing No. 53-1.

Berkshire and Buffet oppose Plaintiffs' motion arguing Plaintiffs did not act diligently in seeking to amend and the amendment is futile. Filing No. 54. First, the Court doubts whether Berkshire and Buffett, and its counsel, have the authority to oppose the motion for the as of yet unidentified defendants[1] and seek a denial of the motion on its behalf. *See Ballinger v. Cedar County*, 810 F.3d 557, 559 n. 1 (8th Cir. 2016) (explaining the district court should not have included the John and Jane Does in its Rule 12(b)(6) dismissal "because the Does were never before the

---

[1] While the identities of the Doe Defendants have now been obtained, no appearances have been made on the record and the only defendants in the operative complaint, Filing No. 1, are Berkshire, Buffett, John Doe 1, and John Doe 2.

district court"). Rather, the Doe Defendants, while identified in the amended complaint, have not been served, and are not presently before the Court.

As to the Plaintiffs' diligence, the Court finds Plaintiffs have been diligent in seeking to meet the Court's deadlines. While Plaintiffs' path to an amended complaint has not been direct, they nonetheless have attempted to comply with the Court's directives. Moreover, Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely grant leave when justice so requires." This standard is construed liberally. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016). Additionally, to the extent that Plaintiff did not serve the Doe Defendants within the time prescribed by Fed. R. Civ. P. 4(m), the Court finds good cause to extend the deadline.

Finally, Plaintiffs' proposed amended complaint realleges the claims against Berkshire and Buffett that were already dismissed by this Court. The Court recognizes Plaintiffs' effort to preserve claims for appellate review and Berkshire and Buffett's opposition to relitigating claims that have already been dismissed against them. As such, upon filing of the amended complaint, the undersigned will *sua sponte* recommend to the District Court Judge that Berkshire and Buffett be dismissed for the reasons articulated in the Court's October 29, 2024 Order.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion for leave to file an amended complaint, Filing No. 53, is granted. Plaintiffs shall file its amended complaint, a copy of which is attached to its motion, on or before February 18, 2025.

Dated this 11th day of February, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

4