IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL LEGAL AND POLICY CENTER, PETER T. FLAHERTY, and JAMES "JAMIE" R. TOVAR,<br><br>Plaintiffs,<br><br>vs.<br><br>BERKSHIRE HATHAWAY INC., WARREN BUFFETT, CHRIS THOMPSON, and DAN CLARK,<br><br>Defendants. | NO. 8:24-CV-162<br><br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case is before the Court on the February 18, 2025, Findings and Recommendation by United States Magistrate Judge Jacqueline M. DeLuca. Filing 57. The Findings and Recommendation followed the plaintiffs' filing of an Amended Complaint, Filing 56, on February 14, 2025. Filing 57 at 1. Because the Amended Complaint realleges claims against defendants Berkshire Hathaway Inc. and Warren Buffett that the Court already dismissed in a prior Order, Filing 36, Judge DeLuca recommended that "the claims against Defendants Berkshire Hathaway Inc. and Warren Buffett be dismissed in their entirety for the reasons stated in the Court's October 29, 2024, Order." Filing 57 at 1. Judge DeLuca then notified the parties of the consequences of failing to file a timely objection to the Findings and Recommendation. Filing 57 at 2. No party has filed objections to the Findings and Recommendation within the time allowed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2).

1

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive or non-dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzalez-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review findings and recommendations to which no objections are filed at least for clear error. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed the record and finds no error—clear or otherwise—in Judge DeLuca's Findings and Recommendation. *See Grinder*, 73 F.3d at 795. Accordingly,

IT IS ORDERED that

1. The Court accepts Judge DeLuca's Findings and Recommendation, Filing 57, in its entirety pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3); and

2. The claims against defendants Berkshire Hathaway Inc. and Warren Buffett are dismissed in their entirety for the reasons stated in Filing 36, the Court's October 29, 2024, Order.

Dated this 11th day of March, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge